# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

REBECCA FREDERICKS,

    Plaintiff,

v.

SPEEDWAY LLC,

    Defendant.

Case No.

Hon.

| Christopher Trainor & Associates | Miller, Canfield, Paddock and Stone, PLC |
|---|---|
| Christopher J. Trainor (P42449) | Amy M. Johnston (P51272) |
| Thomas F. Norton (P45525) | 150 W. Jefferson, Suite 2500 |
| 9750 Highland Road | Detroit, MI 48226 |
| White Lake, MI 48386 | (313) 963-6420 |
| (248) 886-8650 | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | |

## DEFENDANT SPEEDWAY LLC'S NOTICE OF REMOVAL

Defendant Speedway LLC ("Speedway"), by and through its attorneys, Miller, Canfield, Paddock and Stone, P.L.C., gives notice of its removal of this action from the Circuit Court for the County of Kalamazoo, State of Michigan (Case No. 22-0022-NO) to the United States District Court for the Western District of Michigan, Southern Division, pursuant to 28 U.S.C. §§ 1332 and 1441. In support of its Notice of Removal, Speedway states as follows:

1. An action has been commenced against Speedway in the Circuit Court for the County of Kalamazoo, State of Michigan, entitled *Rebecca Fredericks v. Speedway, LLC*, Case No. 22-0022-NO. Copies of the Summons and Complaint, and all pleadings filed are attached as Exhibit A.

2. Speedway was served with copies of the Summons and Complaint via certified mail through its registered agent on January 18, 2022. This Notice of Removal is due within thirty days following receipt thereof and is therefore timely under 28 U.S.C. § 1446(b)(1).

3. In her Complaint, Plaintiff alleges that she was severely injured after "a big chunk of ice fell . . . and struck Plaintiff in the head[ ]" while on the premises of a Speedway gas station located at 6434 Gull Road in Kalamazoo, Michigan. Ex. A, ¶¶ 3-4.

4. Plaintiff seeks damages in an unspecified amount in excess of $25,000.00, the jurisdictional minimum for a civil action filed in a Michigan circuit court. Ex. A, Prayer for Relief.

**Grounds for Removal**

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, that:

> [Any] civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

6. The United States District Court for the Western District of Michigan, Southern Division, has original jurisdiction because this is an action (a) wherein the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs; and (b) between citizens of different states. U.S.C. § 1332(a), (a)(1).

7. "Plaintiff . . . is a resident of the City of Kalamazoo, County of Kalamazoo, State of Michigan." Ex. A, ¶ 1. A. Furthermore, publicly available information shows that Plaintiff is a registered voter in Michigan. *See* Voter Registration Information attached as Exhibit B. Thus, Plaintiff is a citizen of Michigan.

8. Speedway is a Delaware limited liability company with a sole member, SEI Speedway Holdings, LLC.  SEI Speedway Holdings, LLC is a Delaware limited liability company

with a sole member, 7-Eleven, Inc. 7-Eleven, Inc. is a Texas corporation with its principal place of business in Texas. *See* the State of Delaware Division of Corporations confirmation pages for Speedway and SEI Speedway Holdings, LLC; and the State of Texas Office of the Comptroller status page for 7-Eleven, Inc., cumulatively attached as Exhibit C. Thus, Speedway is a citizen of the state of Texas. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (an unincorporated entity, like an LLC, "has the citizenship of each of its members.").

9. There is complete diversity of citizenship between the parties because Plaintiff is a citizen of Michigan and Defendant Speedway is a citizen of Texas.

10. Further, the amount in controversy exceeds $75,000, as discerned from the allegations in Plaintiff's Complaint and pertinent jury verdict and settlement research.

11. Plaintiff seeks damages in an unspecified amount in excess of $25,000, the jurisdiction minimum for a civil action filed in a Michigan circuit court. Ex. A, Prayer for Relief. A notice of removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded" and the district court finds that the amount in controversy is more likely than not above $75,000. *See* 28 U.S.C. § 1446(c)(2)(A)-(B); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (noting that state court rules "might enable a plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for") (citations omitted)). Indeed, the Michigan court rules permit recovery in excess of the amount demanded in Plaintiff's pleadings. *See* MCR 2.601(A).

12. Plaintiff alleges that due to the condition of the "awning [outside of the Speedway gas station], (…) a big chunk of ice fell (…) and struck Plaintiff in the head, causing Plaintiff to sustain grievous injuries." Ex. A, ¶ 5. Plaintiff contends her injuries include:

> (1) Headaches and concussion; (2) Physical pain and suffering; (3) ongoing medical treatment; (4) rehabilitation; (5) work loss; (6) disability; (7) affecting Plaintiff's general ability to lead her normal life.

*Id*. at ¶ 8. Her allegations of injuries reflect a substantial likelihood that this controversy involves claims exceeding $75,000.

13. Additionally, Plaintiff's counsel would not agree that the amount in controversy is any amount less than $75,000. On January 27, 2022, counsel for Speedway contacted Plaintiff's attorney inquiring whether Plaintiff would stipulate that damages in this case are less than $75,000. Plaintiff's attorney, who presumably is in the best position to know the extent of his client's damages, indicated on January 27, 2022 that he would not stipulate that damages were less than $75,000.

14. Jury verdicts and settlements from similar alleged injuries reveal that if liability is proven, damages are likely to exceed $75,000. Please refer to the following results, cumulatively attached as Exhibit D: *Lis v. R & S Aspen*, 2006 WL 5097694 (Mich. Cir. Ct. 2006) ($89,000 verdict for plaintiff who slipped on black ice at defendant's restaurant); *Chatman v. Super K-Mart*, JVR No. 468503, 2001 WL 36003594 (Unknown State Ct. (Mich.)) ($126,000 verdict for plaintiff who suffered a closed head injury after slipping and falling in a puddle of water at the defendant's retail store); *Van ENS, Pro AMI v. Smith; Smith,* JVR No. 473239, 1999 WL 34863146 (Unknown State Ct. (Mich.)) ($120,000 settlement for plaintiff who suffered closed head injury after falling off of a balcony that defendants failed to maintain in a safe condition); *Jowers v. Glen Oaks Apartments*, JVR No. 442292, 1998 WL 35011056 (Unknown State Ct. (Mich.)) ($197,702 verdict for plaintiff's pain and suffering after she slipped and fell on ice on defendant's premises); *David*

*v. Malinowski; Levine; Northville Vision Clinic,* JVR No. 148965, 1994 WL 806837 (Mich. Cir. Ct. 1994) ($116,000 verdict for plaintiff who suffered a mild brain injury after slipping on ice and snow on defendant's premises).

**Procedural Requirements for Removal**

15. Speedway has satisfied or will satisfy all procedural requirements for removal under 28 US.C. § 1446.

   a. In accordance with 28 U.S.C. § 1446(a), this is the appropriate Court for removal because the state court in which this action was commenced, the Circuit Court for the County of Kalamazoo, is within this Court's district and division. Copies of all process, pleadings, and orders served upon Speedway in this action, including the Summons and Complaint, are attached as Exhibit A. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

   b. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within 30 days of the receipt of the Summons and Complaint. Speedway is the only defendant in this action. *See* 28 U.S.C. § 1446(b)(2)(A).

   c. In accordance with 28 U.S.C. § 1446(d), Speedway will promptly notify Plaintiff in writing that this case has been removed to this Court pursuant to this Notice of Removal. Speedway will, on the day of filing of this Notice of Removal, send for filing a copy of the same with the court clerk of the Circuit Court for the County of Kalamazoo.

16. The prerequisites for removal have been met. If any questions arise as to the propriety of the removal of this action, Speedway respectfully requests the opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

17. In removing this action, Speedway specifically reserves all its defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Speedway LLC hereby petitions to remove this case from the Circuit Court for the County of Kalamazoo, State of Michigan to the United States District Court

for the Western District of Michigan, Southern Division, and requests that all future proceedings be held in this Court.

          Respectfully submitted,

          MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

          By: /s/Amy M. Johnsotn
              Amy M. Johnston (P51272)
              150 West Jefferson, Suite 2500
              Detroit, Michigan  48226
              (313) 963-6420
              johnston@millercanfield.com
              *Attorneys for Defendant*

Dated: February 15, 2022

38653049.2/135532.00108